UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**Kenneth Berger,**

               V.               CIVIL ACTION NO.1:12cv11070 RGS

**Thermo Fisher Scientific, Inc.,**

## NOTICE OF SCHEDULING CONFERENCE

STEARNS, D.J.:

      An initial scheduling conference will be held on **November 26, 2012 at 12:30 P.M.** in accordance with Fed.R.Civ.P.16(b) and LR 16.1 and 16.6 (for patent cases).  The court prefers the attendance of senior counsel.  If senior counsel is unavailable because of a conflict with other court appearances or travel constraints and wishes to be excused from personal attendance, co-counsel or local counsel familiar with the case instead may attend as long as substitute counsel has the authority to make binding litigation decisions.  Out of state attorneys, or attorneys whose offices are located in the Western Division (Massachusetts), may contact the Deputy Clerk by telephone at 617-748-9162 for permission to participate in the conference by telephone.

      Failure to comply fully with this notice and with sections (B),(C) and (D) of LR 16.1 and section (A) of LR 16.6 for patent cases may result in sanctions.  See LR 1.3.  Counsel for plaintiff is responsible for ensuring that all parties and/or their attorneys who have not filed an answer or appearance with the Court are notified of the scheduling conference date and any discovery order entered at the conference.

                                                **RICHARD G. STEARNS
UNITED STATES DISTRICT JUDGE**

DATED:  October 29, 2012

                                                **BY:**

                                                /s/ *Terri Seelye*
                                                Deputy Clerk

                         \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LR 16.1 PROVIDES:

      (B) <u>OBLIGATION OF COUNSEL TO CONFER:</u>  Counsel for the parties **MUST,** pursuant to Fed. R. Civ.P. 26(f) confer at a reasonable time prior to the date of the conference **TO PLAN FOR DISCOVERY AND INITIAL DISCLOSURES.  COUNSEL ARE TO:**
          (1) Prepare an agenda of matters to be discussed at the conference.
          (2) Prepare a proposed pretrial schedule for the case that includes a plan for discovery, and
          (3) Consider whether they will consent to trial by a magistrate judge, or agree to mediation through the ADR program sponsored by the Court;

      (C) <u>SETTLEMENT PROPOSALS</u>: Plaintiff shall present written settlement proposals to all defendants no later than (14) days before the date of the conference.  Defense counsel shall have conferred with their clients on the subject of settlement before the conference and be prepared to respond to the proposals at the conference.

(D) <u>JOINT STATEMENT:</u>  The parties are **ORDERED TO FILE, <u>7  DAYS BEFORE THE CONFERENCE</u>**, a **JOINT STATEMENT** containing a proposed pretrial schedule, **WHICH SHALL INCLUDE:**

(1)  A joint discovery plan scheduling the time and length for all discovery events that shall:

(a) conform to the obligation to limit discovery set forth in Fed.R.Civ.P.26(b);

(b) take into account the desirability of conducting phased discovery in which the first phase is limited to developing information needed for a realistic assessment of the case and, if the case does not settle, the second phase is directed to information needed to prepare for trial;

(2)  If appropriate, a proposed agreement governing the preservation and production of electronically stored information (ESI), including but not limited to, the extent and duration of the preservation obligation and the format in which relevant ESI will be produced (native, tagged image file format (TIFF), or portable document format (PDF)).  Parties contemplating ESI discovery may wish to consult Mark S. Sidoti and Phillip J. Duffy, ELECTRONIC DISCOVERY AGREEMENTS, New York Law Journal, Dec. 3, 2007, at S8.

(3)  A proposed schedule for the filing of motions; and

(4)  Certifications signed by counsel and an authorized representative of each party affirming that each party and that party's counsel have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course--and various alternative courses--of the litigation;

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4; and

(5) If the proposed plan for discovery extends beyond 270 days, a statement of any exceptional circumstances justifying an enlargement of the time the Court will ordinarily permit for discovery and, where appropriate, the filing of dispositive motions.

(6) In all patent cases, the parties are to consult the  "Model Scheduling Order for Patent Cases"  set out in LR 16.6.

To the extent that all parties are able to reach agreement on a proposed pretrial schedule, they shall so indicate.  To the extent that the parties differ on the pretrial schedule, they shall set forth separately the items on which they differ and indicate the nature of the disagreement.  One purpose of the parties' proposed pretrial schedule or schedules is to advise the judge of the parties' best estimates of the amounts of time they will need to accomplish specified pretrial steps.  **THE PARTIES SHOULD BE AWARE THAT IT IS THE COURT'S PRACTICE <u>NOT</u> TO GRANT ENLARGEMENTS OF THE PRESCRIBED PRETRIAL SCHEDULE BEYOND THE DATE MANDATED FOR TRIAL OR FOR THE FILING OF DISPOSITIVE MOTIONS.**  The parties' proposed agenda for the scheduling conference, and their proposed pretrial schedule or schedules, will be considered by the Court as advisory only.

**FAILURE TO COMPLY WITH THE ABOVE ORDER  MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

                        **SO ORDERED.**

                        **/s/ Richard G. Stearns**

                        _____

                        **United States District Judge**

Revised 7/22/10